19 F.3d 19
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Marlowe CHAMBERS, aka Larry Chambers, aka Marlowe
Chambers, Defendant-Appellant.
 No. 93-2033.
 United States Court of Appeals, Sixth Circuit.
 March 2, 1994.
 
 Before: KENNEDY and GUY, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner, Larry Marlowe Chambers, appeals a district court order denying his motion for a new trial based on newly discovered evidence. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking a new trial on the merits, Chambers alleged that the newly discovered evidence which entitles him to a new trial is an exculpatory document to which he was denied access in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963).
 
 
 3
 The district court treated Chambers' motion for a new trial based on newly discovered evidence as a motion for reconsideration of the court's previous order denying his motion for a new trial. The district court denied Chambers' motion. More specifically, the district court concluded that Chambers failed to meet his burden of showing that he is entitled to a new trial based on newly discovered evidence. Chambers appeals that order.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion. See United States v. Barlow, 693 F.2d 954, 966 (6th Cir.1982), cert. denied, 461 U.S. 945 (1983). A motion for a new trial based on newly discovered evidence requires the criminal defendant to show that the evidence: (1) was discovered only after trial, (2) could not have been discovered earlier with due diligence, (3) is material and not merely cumulative or impeaching, and (4) would likely produce an acquittal if the case were retried. Id. Moreover, the failure of the government to disclose Brady material does not automatically result in a new trial. United States v. Christian, 786 F.2d 203, 210 (6th Cir.1986). Chambers must still show that the Brady material would make the difference between conviction and acquittal. Id. Chambers failed to satisfy any of these requirements in his motion.
 
 
 5
 Accordingly, the district court order dated July 16, 1993, is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set out therein.